No. 670.—LOUIS DELILE ARNAULT, Administrator, *v.* PAUL LEON ST. JULIEN.

In a service of citation at domicile, the sheriff's return must show that the defendant was absent at the time, and that the person with whom the citation was left, was living there.
No legal judgment can be rendered on a defective citation.

APPEAL from the Eighth District Court, parish of Lafayette.    *Bailey,* J.    *DeBlanc & Perry* for plaintiff and appellee.    *M. E. Gerard* for defendant and appellant.

WYLY, J.    The defendant appeals from a judgment made final on a default against him, and contends that it is illegal because he was not properly cited to appear and answer the demand of plaintiff.

The sheriff's return reads as follows : "Served a copy of the within summons, together with a petition, on Paul Leon St. Julien, by leaving the same with J. G. St. Julien, a free white person above the age of

fourteen years, residing with the defendant, the said Paul Leon St. Julien, he being absent at the time, between the hours of 12 and 3 P. M. on twenty-ninth January, 1866."

The service was illegal; it does not appear where it was made. The return does not state where the domicile or house inhabited by the defendant is situated. C. P. 201.

It does not state that the copies of citation and petition were left at the usual place of domicile or residence of the defendant. C. P. 189.

In service at domicile the sheriff's return must state *the absence of defendant from home, and that the person with whom the citation was left was living there.* "The law only dispenses with personal service when the defendant is absent from home." Kendrick *v.* Kendrick, 19 L. 36; 4 A. 363; 7 A. 268.

The defendant not having been legally cited, the default and judgment were erroneous.

It is therefore decreed that the judgment appealed from be avoided and annulled; and it is ordered that this cause be remanded to be proceeded in according to law, and that plaintiff pay all the costs.